[Tagged Opinion]



**ORDERED in the Southern District of Florida on November 17, 2011.**

                                            Erik P. Kimball, Judge
                                            United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

JERMAINE JOHNSON and                            Case No. 08-28757-EPK
CHRISTIE LaFAYE JOHNSON,                        Chapter 7

       Debtors.
_____/

JERMAINE JOHNSON and
CHRISTIE LaFAYE JOHNSON,

       Plaintiffs,

v.                                              Adv. No. 11-01923-EPK

MANATEE BAY APARTMENTS CORP.,

       Defendant.
_____/

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

       This matter came before the Court on the *Motion for Summary Judgment* [DE 10] (the "Debtors' Motion for Summary Judgment") filed by Jermaine Johnson and Christie LaFaye Johnson (together, the "Debtors"), and the *Defendant's Motion for Summary*

*Judgment and Memorandum of Law in Support* [DE 25] (the "Manatee Bay Motion for Summary Judgment") filed by Manatee Bay Apartments Corp. ("Manatee Bay"). The Court considered the Debtors' Motion for Summary Judgment, the Manatee Bay Motion for Summary Judgment, the *Defendant's Response to Plaintiffs' Motion for Summary Judgment* [DE 15], the *Amended Response to Defendant's Motion for Summary Judgment* [DE 27], the *Defendant's Reply to Plaintiff's Amended Response to Defendant's Motion for Summary Judgment* [DE 34], the *Joint Pretrial Stipulation* [DE 14], and the record in this adversary proceeding, and is otherwise fully advised in the premises.

For the reasons stated below, the Court determines that the claim of Manatee Bay against the Debtors arising from the Debtors' post-petition default under a pre-petition lease agreement was not discharged in the Debtors' chapter 7 case. Consequently, the Court grants the Manatee Bay Motion for Summary Judgment and denies the Debtors' Motion for Summary Judgment.

I.    Background

On November 29, 2008, the Debtors signed a lease agreement with Manatee Bay for the rental of a residential apartment unit for the period December 1, 2008 through November 30, 2009 (the "Lease Agreement"). The Lease Agreement was fully executed by the Debtors and Manatee Bay prior to December 9, 2008.

On December 9, 2008, the Debtors filed with this Court a joint voluntary petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code")[1], commencing case number 08-28757-EPK.

The Debtors did not list Manatee Bay as a creditor in their chapter 7 case. Nor did they list the Lease Agreement as an unexpired lease on Schedule G.

---

[1] Unless otherwise indicated, the terms "section" and "sections" used in this Order refer to sections of the Bankruptcy Code.

2

The Debtors' chapter 7 case was a "no-asset" case, in which the trustee determined that there were no non-exempt assets available to administer for the benefit of creditors. Consequently, pursuant to Local Rule 3002-1, the Court did not set a bar date for presentation of claims and creditors were not directed to file proofs of claim. No creditor filed a proof of claim in the Debtors' chapter 7 case.

The Lease Agreement was an unexpired lease of residential real property subject to the provisions of section 365. The chapter 7 trustee did not move to assume or to reject the Lease Agreement. Pursuant to section 365(d)(1), the Lease Agreement was deemed rejected on February 7, 2009, 60 days after the petition date.

On March 17, 2009, the Court granted the Debtors a discharge under section 727.

From December 1, 2008 through the date of their chapter 7 discharge, the Debtors were current on their payment obligations to Manatee Bay under the Lease Agreement. The Debtors remained current until more than two months after their discharge was entered, when they failed to pay the rent owed in June 2009. The Debtors did not make any further payments under the Lease Agreement.

As a result, on June 18, 2009 Manatee Bay filed a complaint against the Debtors in the County Court of Palm Beach County, Florida seeking money damages for unpaid rent, costs and attorneys' fees, and possession of the leasehold premises. On November 23, 2010, the County Court entered a final judgment in favor of Manatee Bay, for unpaid rent, court costs and attorneys' fees, in the aggregate amount of $8,929.67. The Debtors' requested a rehearing in the County Court action, arguing that the debt owed to Manatee Bay was discharged in their chapter 7 case. The County Court held a hearing and entered an order denying the Debtors' motion and reaffirming the judgment.

On April 11, 2011, after a motion by the Debtors, the Court entered its *Order Reopening Case to Add Omitted Creditor* [DE 49], allowing the Debtors to amend their

schedules to add Manatee Bay as a creditor and directing the Debtors to file an adversary proceeding against Manatee Bay to determine the effect of the discharge on the claim of Manatee Bay.  On April 13, 2011, the Debtors filed their *Amended Schedule F* [DE 50], listing Manatee Bay as a creditor holding an unsecured, non-priority claim in the amount of $14,597.00 for "Rent payments due on residential lease agreement executed prior to filing of bankruptcy petition for period January, 2009 through and including November, 2009."

On April 16, 2011, the Debtors filed a complaint initiating this adversary proceeding.  The Debtors seek a declaration from this Court that the claim of Manatee Bay arising from the Debtors' post-petition failure to make payments under the Lease Agreement was discharged in their chapter 7 case.

II.     Summary Judgment Standard

Federal Rule of Civil Procedure 56(a), made applicable to this matter by Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The moving party bears the burden of meeting this standard. *Imaging Bus. Machs., LLC v. BancTec, Inc.*, 459 F.3d 1186, 1192 (11th Cir. 2006).  "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).  In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party.  *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001).

III.   Analysis

The Debtors argue that because they and Manatee Bay entered into the Lease Agreement prior to the Debtors filing their chapter 7 petition, all amounts owing under the Lease Agreement, including amounts coming due after the petition date, constitute pre-petition claims and were discharged in their chapter 7 case.  Alternatively, the Debtors argue that the Lease Agreement was deemed rejected under section 365(d)(1), giving rise to a pre-petition breach of the Lease Agreement pursuant to section 365(g)(1), resulting in a pre-petition claim that was discharged in their chapter 7 case.

Manatee Bay argues that its claim against the Debtors was not discharged, in spite of the fact that the Lease Agreement was deemed rejected, because the Lease Agreement was not terminated, the Debtors remained in possession of the leasehold premises, and Manatee Bay retained its state law rights to enforce the Lease Agreement including the right to collect amounts coming due under the Lease Agreement.

It is clear that any right to payment of Manatee Bay under the Lease Agreement falls within the definition of "claim" under section 101(5) and gives rise to a "debt" as defined under section 101(12).  The question for the Court is whether that debt was discharged in the Debtors' chapter 7 case.

Section 727(b) provides for the discharge of "all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title."  Section 727(b) provides for the discharge of claims that either arose prior to the petition date or are deemed to have arisen prior to the petition date under section 502.

5

Under Florida law, applicable to the Lease Agreement, a claim for rent under a lease arises when the rent is due pursuant to the terms of the lease. *See* Florida Stat. § 83.46(1) (1993) ("[P]eriodic rent is payable at the beginning of each rent payment period . . . ."); *see also Holiday Furniture Factory Outlet Corp. v. State, Dep't of Corrections,* 852 So. 2d 926, 928 (Fla. 1st DCA 2003) (cause of action on lease contract accrues upon lessee's failure to pay rent when due). The Debtors were timely in their payment of rent under the Lease Agreement as of the petition date. The Debtors did not fail to pay rent until long after they filed their bankruptcy petition. Indeed, Manatee Bay's claim for rent arose more than two months after entry of discharge. That claim is not retroactive to the date the lease was signed, prior to the chapter 7 case. Thus, absent a provision in section 502 to the contrary, the claim of Manatee Bay for non-payment under the Lease Agreement after the petition date was not discharged under section 727.

Because the trustee in the Debtors' chapter 7 case did not take action to assume or reject the Lease Agreement within 60 days after the petition date, the Lease Agreement was deemed rejected under section 365(d)(1). Section 365(g)(1) provides that rejection constitutes a breach of the lease immediately before the filing of the petition. The Debtors argue that such deemed rejection and breach necessarily result in a pre-petition claim that is discharged under section 727(b). A close reading of the applicable provisions of the Bankruptcy Code does not support this argument.

When a debt does not arise prior to the petition date under applicable law, the Court looks to section 502 to determine whether such debt might otherwise be treated as a pre-petition debt. Section 502(g)(1) states that a claim arising from rejection of an unexpired lease under section 365 shall be determined under sections 502(a), (b), (c), (d) and (e), as if such claim had arisen before the petition date. The complaint initiating this adversary proceeding is the functional equivalent of an objection to Manatee Bay's claim for non-

payment under the Lease Agreement.  Section 502(b) governs determination of claims subject to objection.  Section 502(b)(6) states that a "claim of a lessor for damages resulting from the termination of a lease of real property" is limited pursuant to a formula based on the remaining term of the lease and the amount previously unpaid under the lease.  Sections 502(g)(1) and 502(b)(6) are the only provisions of section 502 that could arguably cause Manatee Bay's claim to be treated as a pre-petition claim.

      Manatee Bay's claim is not a claim for damages resulting from termination of the Lease Agreement upon rejection.  The claim does not in any manner arise from rejection of the Lease Agreement.  The deemed rejection of the Lease Agreement resulted in a pre-petition breach under section 365(g)(1).  But a breach of a lease does not necessarily lead to termination of the lease.  *Matter of Austin Development Co.*, 19 F.3d 1077, 1082 (5th Cir. 1994) (breach of an unexpired lease is not synonymous with termination); *In re Storage Technology Corporation*, 53 B.R. 471, 475 (Bankr. D. Colo. 1985) ("[R]ejection of a lease does not have the conclusive effect of terminating the lease.  At a minimum, a non-debtor lessor has the option of treating a lease which has been rejected as not having been terminated.").  A lessor with the power to terminate its lease may elect not to do so.  The parties may continue to perform their respective obligations under the lease.  In many cases, the failure to take advantage of a breach gives rise to a waiver of such right.  *See* Fla. Stat. § 83.56(5) (1999)  ("If the landlord accepts rent with actual knowledge of a noncompliance by the tenant or accepts performance by the tenant of any other provision of the rental agreement that is at variance with its provisions . . . the landlord . . . waives his or her right to terminate the rental agreement . . . .").  The lease continues in force.  If there is a future breach of the lease, the resulting claim does not arise from the rejection of the lease but from the tenant's subsequent default, and the lease is then subject to enforcement under applicable law.

This is what happened with the Debtors and Manatee Bay. When the Lease Agreement was deemed rejected on or about February 7, 2009, this resulted in a breach of the Lease Agreement under section 365(g)(1), and that breach is treated as a pre-petition breach. Manatee Bay then had the power to terminate the Lease Agreement, but did not do so.[2] The Debtors remained in possession of the leasehold premises for months, continuing to pay rent that Manatee Bay accepted. The lease remained in place. The Debtors' failure to pay rent months thereafter gave rise to a new breach, resulting in an independent right of Manatee Bay to enforce the Lease Agreement. Manatee Bay's claim, arising long after the deemed rejection of the Lease Agreement, arose from the Debtors' later payment default and not from the rejection of the Lease Agreement in the bankruptcy case.

Manatee Bay's claim against the Debtors arose post-petition under applicable non-bankruptcy law. Because the Lease Agreement was not terminated as a result of rejection, Manatee Bay's claim is not deemed to have arisen pre-petition under section 502. Consequently, Manatee Bay's claim against the Debtors for non-payment under the Lease Agreement was not discharged in the Debtors' chapter 7 case.

Even if Manatee Bay's claim was subject to discharge under section 727, the claim would be excepted from discharge under section 523(a)(3). This provision excludes from discharge any debt, other than those addressed by complaint under section 523(c), that is not scheduled by the debtor in time to permit the timely filing of a proof of claim, unless the creditor had notice or actual knowledge of the case in time for such timely filing. Local Rule 3002-1(C) sets a deadline for the filing of claims arising from the rejection of contracts

---

[2] It appears that Manatee Bay did not have notice of the bankruptcy and thus did not know that it had the power to terminate the Lease Agreement. In light of the Court's ruling, Manatee Bay's apparent lack of notice and consequent failure to terminate the Lease Agreement was not to its detriment. Thus, it is not necessary for the Court to address this due process concern.

and leases.[3] This deadline came and went during the pendency of the Debtors' chapter 7 case. Manatee Bay's claim was not scheduled. In the Debtors' Motion for Summary Judgment the Debtors do not allege that Manatee Bay had notice or actual knowledge of the case prior to the Debtors' post-discharge default under the Lease Agreement. As a result, even if dischargeable under section 727, Manatee Bay's claim arising from the Debtors' post-petition breach of the Lease Agreement would be excepted from discharge under section 523(a)(3).[4]

IV.     Conclusion

For the foregoing reasons, the Debtors' Motion for Summary Judgment is DENIED and the Manatee Bay Motion for Summary Judgment is GRANTED. The Court will issue a separate final judgment in favor of the Defendant, Manatee Bay.

###

Copies Furnished To:

Ryan R. McCain

*Ryan R. McCain is directed to serve a copy of this Order on all interested parties and file a certificate of service with the Court.*

---

[3] Local Rule 3002-1(C) provides: "Unless otherwise ordered by the court, any proof of claim arising pursuant to 11 U.S.C. §502(g), from the rejection of an executory contract or unexpired lease, must be filed on or before the latest of: i) the time for filing a proof of claim pursuant to Bankruptcy Rule 3002(c) or Local Rule 3002-1(A), whichever is applicable; ii) 30 days after the entry of the order compelling or approving the rejection of the contract or lease; or iii) 30 days after the effective date of the rejection of the contract or lease. The order of rejection shall contain the notice mandated by Local Rule 6006-1."

[4] Although not argued by the parties, it appears the County Court already determined that the Debtors' discharge in this case did not relieve the Debtors of their obligations to Manatee Bay under the Lease Agreement. Pursuant to 11 U.S.C. § 1334(b), state courts have concurrent jurisdiction to determine whether a debt was discharged (arguably excluding those matters that must be addressed by complaint under section 523(c)). *See In re Rex*, 378 B.R. 672, 675 (Bankr. M.D. Fla. 2007). The order of the County Court denying the Debtors' request for rehearing and reaffirming the County Court judgment appears to be a final order. This Court must accord full faith and credit to orders of the County Court. In addition, the doctrine of collateral estoppel prevents the Debtors from making an argument contrary to the ruling of the County Court. Finally, to the extent the Debtors are asking this Court to review the prior determination of the County Court, this Court is prohibited from doing so under the Rooker-Feldman doctrine. *Amos v. Glynn County Bd. Of Tax* Assessors, 347 F.3d 1249, 1266 n. 11 (11th Cir. 2003).